**UNITED STATES of America, Petitioner/Appellee/Cross–Appellant,**

**v.**

**Frank S. ZOLIN, Respondent/Appellee,**

**and**

**Church of Scientology of California and Mary Sue Hubbard, Intervenors/Appellants/Cross–Appellees.**

**Nos. 85–6065, 85–6105.**

United States Court of Appeals, Ninth Circuit.

July 5, 1988.

Before BROWNING, TANG, PREGERSON, ALARCON, NORRIS, REINHARDT, BEEZER, BRUNETTI, THOMPSON and LEAVY, Circuit Judges.

The opinion published at 842 F.2d 1135 is amended to include the following concurrence:

NORRIS, Circuit Judge, concurring in the result:

I write separately to make it clear that I believe the independent evidence rule has been and should continue to be the law of the circuit. *See United States v. Shewfelt*, 455 F.2d 836 (9th Cir.), *cert. denied*, 406 U.S. 944, 92 S.Ct. 2042, 32 L.Ed.2d 331 (1972). However, I cannot join the court's order because the majority has failed to make clear whether the order is a disposition on the merits, *i.e.*, whether it constitutes en banc authority that the *Shewfelt* independent evidence rule is the law of the circuit. If the order is intended to be a disposition on the merits, it is internally inconsistent because an en banc panel cannot both decide a case on the merits and vacate as improvidently granted the order

of the full court authorizing it to decide the case.